UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHONG L. LEE,

                          Plaintiff,

        v.                                          Case No. 18-cv-580-pp

TAMMY DEVRIES,

                          Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
AND DENYING HIS MOTION FOR ORDER ALLOWING ACCESS TO
LAW LIBRARY (DKT. NO. 17)**

---

On July 12, 2018, the court entered a scheduling order setting a

discovery deadline of November 16, 2018 and a dispositive motion deadline of

December 17, 2018. Dkt. No. 15. Along with the order, the clerk's office sent

the plaintiff copies of two guides to assist people who are representing himself.

The guides include a general description of the litigation process and a

dictionary of common legal terms.

On October 4, 2018, the plaintiff filed a motion for extension of time,

asking the court to extend the discovery deadline by sixty days. Dkt. No. 17.

The plaintiff explains that shortly after the court entered the scheduling order,

he submitted a request to use the law library at his institution. Id. Library staff

denied his request, informing him that policy permitted him to use the library

only within thirty days of a court deadline. Dkt. No. 17-1. Staff told him to

resubmit his request within thirty days of the discovery deadline. Id.

The plaintiff asserts that he has submitted requests to use the law library daily since June 9, 2018 but has had the opportunity to use it only twice. Dkt. No. 17 at 2. The plaintiff explains that, "without the ability to research the Federal Rules of Civil Procedure, it is almost impossible for the Plaintiff to make any arguments or learn the process for discovery or the definitions of legal terms and glossary." Id.

The court will grant the plaintiff's request for an extension of time, but it will deny his request for an order allowing him access to the law library. As mentioned, the court already has sent him two guides that generally describe the litigation process, including the discovery process. Those guides also include a glossary of common legal terms. Although the court did not explicitly describe the discovery process in its scheduling order, the guides identify the relevant rules. The plaintiff says that he has been to the library twice; he could have used that time to look up those rules if he had questions. If he had looked up the rules, he would have seen that he does not have to do legal research to participate in discovery.

Under Fed. R. Civ. P. 33, a party can ask an opposing party to answer written questions (called "interrogatories"), and under Fed. R. Civ. P. 34, a party can ask the opposing party to provide relevant documents and records in that party's possession. A plaintiff does not need to cite legal cases or statutes or rules in his discovery requests—all he needs to do is write out the questions he wants to ask the other side about what happened, and to ask the other side for the documents he thinks he needs to show what happened. The court is not

involved in the exchange of information between the parties; the parties mail their requests and responses directly to each other (the plaintiff should direct his requests to the defendant, but he should mail his requests to the defendant's attorney: Assistant Attorney General Shannon A. Conlin, Wisconsin Department of Justice, PO Box 7857, Madison, WI 53707-7857).

As to the filing of dispositive motions, plaintiffs usually do not file summary judgment motions; usually only defendants do that. When responding to a defendant's summary judgment materials, the plaintiff must respond to each of the defendant's proposed facts (by agreeing with the proposed fact or explaining why he disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that he agrees with the proposed fact), and he must respond to the legal arguments in the defendant's brief. When the time comes for the plaintiff to do that, it will be helpful to the plaintiff to use the law library. The defendant's legal brief will help the plaintiff get started by identifying key cases and legal issues.

The plaintiff must support his facts or his disagreement with the defendant's facts with evidence. He can do that by relying on the information and documents he gets during discovery or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746[1]. An unsworn declaration is a way for the plaintiff to tell his side of the

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

story while declaring to the court that everything he has written down is true and correct.

This information should assist the plaintiff in moving forward with this case. If challenges arise during discovery, the plaintiff must contact the defendant's lawyer first to try and resolve the problem without the court's assistance. Only if the parties are unable to resolve an issue on their own, may a party file a motion asking the court to get involved.

The court **GRANTS** the plaintiff's motion for an extension of time and **DENIES** his motion for an order to access the law library. Dkt. No. 17.

The court **EXTENDS** the deadline for the parties to complete discovery to the end of the day on **January 16, 2019**, and **EXTENDS** the deadline for filing dispositive motions to the end of the day on **February 18, 2019**.

Dated in Milwaukee, Wisconsin, this 4th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**