UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHONG L. LEE,

                Plaintiff,

v.                                              Case No. 18-cv-580-pp

TAMMY DEVRIES,

                Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STAY OR FOR EXTENSION OF TIME AND MOTION TO COMPEL (DKT. NO. 29)**

---

On February 18, 2019, the defendant filed a motion for summary judgment. Dkt. No. 21. The plaintiff's response materials were due on March 19, 2019. Dkt. No. 20. The plaintiff did not respond by the deadline, so a month later, on April 18, 2019, the court ordered the plaintiff to either file his response materials or explain why he couldn't by May 24, 2019. Dkt. No. 27.

The plaintiff did not comply with the court's order. Instead, a few days before the deadline, the plaintiff filed a motion, asking the court to compel the defendant to supplement her discovery responses and to stay the case or extend his deadline to respond by forty-five days to allow the defendant to provide him with the supplemental responses and to enable the plaintiff to obtain affidavits from two inmates who allegedly witnessed his arguments with the defendant. Dkt. No. 30 at 2-4. The motion also complains that the defendant does not know why he was transferred to Green Bay Correctional Institution right after he filed this case (he perceives that the transfer was a

1

form of punishment), and he demands discovery on this topic. Dkt. No. 29 at 3. The court will deny these requests.

First, the motion does not comply with the court's local rules. Under Civil L.R. 37, a party filing a motion related to discovery issues must include in his motion a certification that he tried in good faith to resolve the issue informally before involving the court. The plaintiff explains that he was not satisfied with the defendant's responses to some of his discovery requests, but he does not indicate whether he contacted the defendant to discuss his concerns before he filed his motion. Many discovery disputes can be resolved without the court's involvement, which saves both the court and the parties time and resources. The plaintiff's failure to comply with Civil L.R. 37 is a sufficient basis to deny his motion.

Second, the plaintiff delayed filing his motion to compel. It appears from the exhibits the plaintiff attached to the brief in support of his motion that the defendant responded to the plaintiff's discovery requests on November 14, 2018. Dkt. No. 30-1 at 6. Discovery did not close until January 16, 2019. The plaintiff does not explain why he did not file his motion to compel during the two months between the time he received the discovery responses and the close of discovery. Nor does he explain why he waited to file the motion until four months after discovery had closed and three months after the defendant filed her summary judgment motion. Because the plaintiff has not provided the court with a good reason—or any reason—for his delay, the court will deny the plaintiff's motion to compel because it is untimely. See Packman v. Chi.

Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001) (no abuse of discretion in denying motion to compel filed after discovery closed and defendants had filed their summary judgment motion).

The plaintiff asked the court to stay the case or, in the alternative, to give him a forty-five-day extension to file his response to the motion for summary judgment because he was expecting the court to require the defendant to provide him with more discovery. The court is not going to do that, so the possibility of additional discovery is not a reason for the court to stay the case or extend the plaintiff's deadline for filing his response materials. The plaintiff also asks the court to stay the case or extend his deadline for responding to summary judgment, however, because he wants to obtain the affidavits of two inmates who allegedly witnessed his arguments with the defendant. The plaintiff asserts that he "only recently learned of [the inmates'] locations." Dkt. No. 29 at 2. It appears that the plaintiff knew where these defendants were when he started his case—he says that they were at Dodge, awaiting designation. Id. The plaintiff does not explain what he means by "recently" (last week? last month?), nor does he explain why he waited so long to raise this issue with the court.

Further, based on the plaintiff's statements that these inmates were witnesses to his interactions with the defendant, he has not established that he needs their affidavits to respond to the defendant's motion. At summary judgment, a court must construe all facts in favor of the non-moving party (here, the plaintiff), so the plaintiff's declaration setting forth his version of his

interaction with the defendant would be sufficient on its own to create a question of material fact. The inmates' statements would at most corroborate his statements, and they are unnecessary at summary judgment when credibility is not at issue. Given that the plaintiff does not need these statements to respond to the defendant's summary judgment motion, there is no reason to further extend his response deadline.

Finally, the plaintiff is not entitled to discovery on the question of why he was transferred to Green Bay after he filed this case. This case involves the plaintiff's claim that the defendant retaliated against him because he refused to sign a waiver and because he criticized library policies. Dkt. No. 8 at 5. He was entitled to discovery on that issue only. If the plaintiff believes that someone retaliated against him for filing this case by transferring him to Green Bay, he must make that claim in a separate lawsuit—he cannot pursue it in this case.

It has been six months since the defendant timely filed her motion for summary judgment. The plaintiff has had more than enough time to review the motion and to put together a response. The court will extend the plaintiff's deadline to respond to the defendant's summary judgment motion **_one last time_**, to **Wednesday, September 11, 2019**. *Absent extraordinary circumstances, the court will not extend this deadline.* If the court does not receive the plaintiff's response by the end of the day on Wednesday, September 11, 2019, the court may decide the summary judgment motion without the plaintiff's input, or it may dismiss the case for the plaintiff's failure to diligently pursue it.

4

The court **DENIES** the plaintiff's motion to stay or extend his response deadline and his motion to compel. Dkt. No. 29.

The court **ORDERS** that the plaintiff must file his response to the defendant's motion for summary judgment in time for the court to receive it by the end of the day on **Wednesday, September 11, 2019**. If the court does not hear from the plaintiff by that date, the court will dismiss this case based on the plaintiff's failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin, this 20th day of August, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**